UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **RKE SERVICES, LLC** | : | **CIVIL ACTION NO. 2:21-cv-3842** |
| **VERSUS** | : | **JUDGE JAMES D. CAIN, JR.** |
| **PENN-AMERICA INSURANCE CO** | : | **MAGISTRATE JUDGE KAY** |

## REPORT AND RECOMMENDATION

Before the court is Motion to Remand filed by plaintiff RKE Services, LLC ("RKE"). Doc. 7. The motion is opposed by defendant Penn-America Insurance Co. ("Penn-America"). Doc. 14. RKE has replied to the opposition [doc. 15] and the matter is now ripe for consideration. The motion has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636.

For the reasons stated herein, **IT IS RECOMMENDED** that the plaintiff's motion be **DENIED**.

### I.
#### BACKGROUND

Plaintiff filed suit against Penn-America on August 25, 2021, in the 14th Judicial District Court, Calcasieu Parish, claiming that it failed to timely pay RKE's insurance claims associated with Hurricanes Delta and Laura in violation of La. R.S. 22:1892 and 22:1973. Doc. 1, att. 1, pp. 1-2. Plaintiff seeks damages associated with the delay in payment, depreciation, insured losses, general and special damages, as well as statutory penalties, attorney fees and costs under La. R.S. 22:1891 and 22:1973. ¶¶5-6. It also seeks all costs of these proceedings and interest. ¶ 6. In its

petition, plaintiff states "[a]t this time Petitioner believes its' damages do not exceed $75,000, but reserve its' right to amend its' petition if discovery responses indicate otherwise." [*sic*] *Id*.

Penn-American timely removed the suit.[1] Doc. 1. It alleges that this court enjoys subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because there is complete diversity and the amount in controversy exceeds $75,000. *Id*. at pp. 2-3. Penn-America acknowledges that RKE stated that its damages do not exceed $75,000 at that time but notes that RKE reserved the right to amend its petition if discovery responses indicated otherwise. *Id*. at p. 3. It further references RKE's petition which claims that Penn-America is liable for breach of its statutory obligations, additional repair expenses, attorneys' fees, interest and costs, and applicable depreciation and states that because RKE has been paid $294,471.40 for its claims, "the alleged statutory damages for both claims, together with other alleged damages exceeds the amount in controversy necessary." *Id*.

In its Motion to Remand [doc. 7] and supporting memorandum [doc. 8], RKE argues that Penn-America has no basis for removal. RKE relies on the fact that it "stipulate[d] in its petition that the amount in controversy does not exceed $75,000" and argues that the $294,471.40 which has previously been paid on the claim is irrelevant as that amount is not in controversy. Doc. 8, p. 2. RKE does not dispute that there is diversity of citizenship. RKE also requests attorney's fees associated with its Motion to Remand. Doc. 7.

In opposition, Penn-America argues that the plaintiff's statement in its petition is not a binding stipulation that serves to renounce its right to recover anything in excess of $75,000.[2] Doc.

---

[1] Penn-America alleged timeliness in its notice at Doc. 1, p. 2, and that assertion has not been refuted by plaintiff.
[2] The court takes notice that defendant's opposition to plaintiff's Motion to Remand was filed untimely. Under Local Rule 7.5, a party's failure to file a response to a motion within twenty-one days is construed as non-opposition to the motion. Any opposition to the plaintiff's motion was due by December 3, 2021. Such was not filed until December 6, 2021. However, district courts enjoy broad discretion to determine whether to consider an untimely submission. *Nelson v. Star Enterprise*, 220 F.3d 587, 2000 WL 960513 at *1 (5th Cir. 2000) (citing *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 367 (5th Cir. 1995) and *Lowndes v. Global Marine Drilling Co.*, 909 F.2d 818 (5th Cir. 1990)). Plaintiff made no mention of the delayed filing in its response to defendant's opposition and plaintiff

14, p. 4. Penn-America also attaches to its opposition an affidavit from Kate Wilkinson, Assistant Vice President of Claims for Penn-America, which states that the withheld depreciation that RKE claims to be owed amounts to $24,823.80. Doc. 14, att. 1.[3] Penn-America argues that calculating the statutory penalties against the depreciation amount *alone* results in the amount in controversy being met. It argues that the amount is further bolstered by plaintiff's requests for additional damages such as attorney fees. *Id*. at p. 5.

In reply, RKE reasserts its argument that the parties are bound by its initial statement in the petition that the amount in dispute, which includes the statutory penalties Penn-America references, is less than $75,000. Doc. 15.

## II.
### LAW AND ANALYSIS

Any civil action brought in a state court of which the district courts have original jurisdiction may be removed to the proper district court. 28 U.S.C. § 1441(a) (2013). District courts have original jurisdiction over all civil actions where the amount in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of different states. 28 U.S.C. § 1332(a)(1) (2013). The removing party bears the burden of showing that removal was procedurally proper and that federal jurisdiction exists. *See De Aguilar v. Boeing Co*., 47 F.3d 1404, 1408 (5th Cir. 1995).

Louisiana law forbids plaintiffs in state courts from pleading a specific numerical value of damages. *Gebbia v. Wal–Mart Stores, Inc*., 233 F.3d 880, 882 (5th Cir.2000) (citing La. Code Civ.

---

does not appear to be prejudiced as a result of the brief delay. Thus, the court will excuse the dilatory filing and consider defendant's opposition.

[3] We properly consider the affidavit attached to defendant's opposition. "When determining its jurisdiction, the Court may rely on submissions filed after removal, 'so long as the post-removal filing sets forth facts developed at the time of removal." *Pylant v. Sedgwick Claims Mgmt. Servs., Inc*., 2017 WL 3446536, at *5 (M.D. La. 2017) (quoting *Dixon v. Nan Ya Plastics Corp*., 2007 WL 4561136 at *4 (M.D. La. 2007)). The affidavit sets forth the amount of applicable depreciation owed, a fact developed at the time of removal. Plaintiff requested depreciation in its complaint and defendant relied on such a request in its removal.

Proc. Art. 893). Therefore, when a case originally filed in a Louisiana state court is removed to federal court based on diversity, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.00. *Id.* (citing *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999)). A defendant may meet this burden by either: (1) showing that it is facially apparent that the amount in controversy exceeds $75,000.00, or (2) setting forth facts in its removal petition that support a finding of the requisite amount in controversy. *Luckett*, 171 F.3d at 298.

Neither party argues that the state court petition made facially apparent that the amount in controversy exceeds $75,000. To the contrary, plaintiff alleged that its damages did not exceed $75,000 at that time. Doc. 1, att. 1, p. 1, ¶ 6. Although plaintiff argues that this statement is conclusive, plaintiff's suggestion that its allegation is dispositive of the amount in controversy is incorrect. "If the plaintiff alleges in the state court petition that the amount in controversy does not exceed the minimum amount required for federal diversity jurisdiction, this allegation does not necessarily bar removal." *Weber v. Stevenson*, 2007 WL 4441261, at *2 (M.D. La. 2007). This is true especially considering plaintiff's reservation of its right to amend its complaint if damages were indicated to be higher. Thus, defendant "must produce evidence ... that the actual amount in controversy exceeds" $75,000. *De Aguilar*, 47 F.3d at 1412.

As mentioned, plaintiff alleges causes of action under La. R.S. 22:1973 and 22:1892. It claims to be owed damages associated with the delay in receiving payment and depreciation amounts, as well as statutory penalties, attorney fees, and costs under the cited statutes. A separate division of this court has noted previously that:

> La. R.S. 22:1892(B)(1)[4] mandates that insurers pay penalties equal to fifty percent of the insured's damage amount (the contractual amount

---

[4] La. R.S. 22:1892 was recently amended by 2022 La. Sess. Law Serv. Act 559 (H.B. 856), but this amendment has no bearing on this proceeding.

> found due), or $1,000, whichever is greater, plus costs and reasonable attorneys' fees when the insurer arbitrarily fails to pay funds within thirty days after receiving the plaintiff's proof of loss. La. R.S. 22:1973 imposes a duty of good faith and fair dealing on insurers, and mandates that an insurer that breaches its "duty to adjust claims fairly and promptly and to make a reasonable effort to settle claims" is subject to penalties "in an amount not to exceed two times the damages sustained or five thousand dollars, whichever is greater." The penalty allowed under La. R.S. 22:1973 is based not on the contractual amount owed but, rather, on the damages sustained by the insured as a result of the insurer's breach of its duty of good faith and fair dealing. However, a plaintiff may be awarded penalties under only one of those two statutes for the same conduct, whichever is greater.
>
> When a breach of La. R.S. 22:1892 has occurred, an award of attorney's fees is mandatory. A plaintiff may also be awarded attorney's fees under La. R.S. 22:1892 if he is awarded penalties under La. R.S. 22:1973; however, such an award is discretionary.

*Edwards v. Nw. Mut. Life Ins. Co.*, 2016 WL 7077883, *3 (W.D. La. 2016). Additionally, while a plaintiff may only recover penalties under one statute, a successful party may recover damages concurrently under both statutes. *Consol. Companies, Inc. v. Lexington Ins. Co.*, 616 F.3d 422, 434 (5th Cir. 2010).[5]

If plaintiff were to succeed on its claim under La. R.S. 22:1973, it would be entitled to recover the amount of damages suffered as a result of the breach of the duties imposed on the insurer in the statute up to double the amount of the damages sustained. This is not the same as the contractual amount owed. *Durio v. Horace Mann Ins. Co.*, 74 So.3d 1159, 1170-71 (La. 2011); *see Washington v. Liberty Mut. Fire Ins. Co.*, 2012 WL 3096046, at *2 (W.D. La. 2012) ("The penalty allowed under La. R.S. 22:1973 is based not on the contractual amount owed."). Here, plaintiff alleges that the contractual amount owed has been paid and seeks *only* damages suffered as a result of Penn-America's alleged failure to timely pay. Defendant has proven via affidavit that

---

[5] We note that only the greater of the two penalty amounts should be considered when determining the amount in controversy (*see Edwards*, 2016 WL 7077883 at *4), but given that both result in satisfaction of the amount in controversy, we engage in a discussion of each scenario.

those potential damages are at least the depreciation amount of $24,823.80. As stated by defendant, the penalty assessed on this amount would be $49,647.60. Doc. 14, p. 5. Should plaintiff be successful in its claim and be awarded penalties under 22:1973, that amount would be *at least* $74,471.40 (depreciation plus penalties in double that amount), plus potential awards for attorneys fees, delay damages, and other damages sought. *See Grant v. Chevron Phillips Chemical Co.*, 309 F.3d 864, 869 (5th Cir. 2002) (Attorney's fees are properly included in the amount in controversy if they are provided for by contract or state statute). Clearly these categories fill the nominal gap necessary to place the amount in controversy over $75,000.

If plaintiff were to succeed on its claim under La. R.S. 22:1892, it would be entitled to recover fifty percent of the amount due under the insurance contract – the contractual amount owed by the insurer to the insured – in bad faith penalties. *French v. Allstate Indem. Co.*, 637 F.3d 571, 590, n.16 (5th Cir. 2011) Unlike the penalties recoverable under La. R.S. 22:1973, this penalty is based solely on a calculation of 50% of the amount recoverable under the insurance contract. *See Durio*, 74 So.3d at 1170-71. In this case, the contractual amount, though evidently paid eventually, is $294,471.40. Notwithstanding, when an insurer "did not pay or tender anything to the Plaintiffs within the statutory deadline," it "[is] liable for penalties on the entire amount found to be due, without any subtraction for amounts paid." *French*, 637 F.3d at 590 (citing *Grilletta v. Lexington Insurance Co.*, 558 F.3d 359, 371 (5th Cir. 2009)). There is no allegation that Penn-America tendered any amount to RKE within the statutory deadline, so under La. R.S. 22:1892, the penalty applied to the entire untimely amount, $294,471.40, is $147,235.70, plus attorneys fees. Should plaintiff be successful in its claim under 22:1892, the penalties alone exceed the $75,000 threshold amount.

Based on the totality of the record, Penn-America has shown that the amount in controversy is satisfied. "Once it is apparent that there is a sufficient amount in controversy for jurisdiction, the plaintiff can only defeat removal by establishing that it is legally certain that his claims are for less than $75,000." *Edwards*, 2016 WL 7077883 at *5. RKE may do so by filing a binding stipulation with its complaint that limits recovery to less than $75,000, but because it has not, it has made no such showing. *De Aguilar,* 47 F.3d at 1412. Subject-matter jurisdiction exists in this case.

Finding removal to be proper, we recommend that RKE's request for attorney fees and costs [doc. 7] should also be denied.

### III.
#### CONCLUSION

For the foregoing reasons, **IT IS RECOMMENDED** that the Motion to Remand [doc. 7] be **DENIED**.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.Proc. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the clerk of court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.

THUS DONE AND SIGNED in Chambers this 5th day of August, 2022.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE